## D. W. FLINT MOTOR SALES, INC. *vs.* BERNARD CROFTON *et al.*

### FEBRUARY 19, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This action of assumpsit was tried in the Superior Court and at the close of the testimony the trial justice instructed the jury to return a verdict for the

plaintiff. The case is before this court on defendants' exception to this ruling and on other exceptions taken during the trial.

The action was commenced in the name of the Universal Credit Co. which proved its case by producing a conditional sales contract signed by "D. W. Flint Motor Sales Co., Inc., Olneyville Branch" as the seller and the two defendants as purchasers. By the terms of the contract defendants purchased and received a used automobile for which they paid $72 "on or before delivery, leaving a deferred balance of $156.00 payable at the office of the Universal Credit Co. in 12 installments of $13.00 each on the same day of each successive month and commencing one month from the date hereof" which was March 30, 1931. It was agreed that two days later the seller assigned its interest in the contract to the Universal Credit Co. An agent for the Credit Co. testified that only one installment of $13 was paid upon the contract; that August 11, 1931, after demand, the Credit Co. took possession of the automobile and sold it for $75.25 and that the balance due the Credit Co. was $77.92.

Defendants admitted signing the contract. They offered to prove that March 16, 1931, defendant Bernard Crofton agreed with one Hennessey, agent for the Flint Motor Sales Co., Inc., to purchase the automobile described in the contract, paid him $92 in cash and also paid him in advance $52 for four notes. They produced a receipt signed by Hennessey acknowledging these payments. The trial justice excluded this evidence because it tended to vary the terms of the written contract. Defendants urge their exception to this ruling.

The law applicable to these facts is that, in the absence of fraud or mistake, parol or extrinsic evidence is not admissible to vary, add to, modify or contradict the terms or provisions of a written contract. The statement in a contract of the price to be paid by the purchaser is an essential part of the contract and the amount agreed to be

paid, as well as the time and terms of payment, cannot be varied or contradicted by an agreement made prior to the execution of the contract. *Forsyth & Son* v. *Tanenbaum*, 161 Atl. (R. I.) 112; *Wolf* v. *Moran*, 133 Atl. (R. I.) 350; 70 A. L. R. note 752; 22 C. J. 1098, 1118; 10 R. C. L. 1016, 1044.

The written contract produced by plaintiff is complete and free from ambiguity. By its express terms defendants agreed to pay a specified amount in installments. There is no claim that they did not understand the terms of the contract or that it was fraudulently procured by the seller. Furthermore, the contract provides that "payment to any one other than the Universal Credit Company does not constitute payment thereunder." Plaintiff had no knowledge that defendants had paid Hennessey more than $72 before they signed the contract. In these circumstances defendants are estopped from setting up the truth in contradiction of their agreement to pay plaintiff, so as to make the truth an instrument of fraud. *East Greenwich Inst. for Savings* v. *Kenyon*, 20 R. I. 110. Under the law and evidence the ruling of the trial justice was correct.

The action was commenced by the Universal Credit Co. At the close of the testimony the trial justice, over defendants' objection, permitted an amendment to be made in the name of the plaintiff by inserting "D. W. Flint Motor Sales Co., Inc. for the benefit of" Universal Credit Co. Authority to permit such an amendment is granted by § 4871, G. L. 1923. We find no abuse of discretion on the part of the trial justice in permitting the amendment. As the issue was not changed, the defendants were not prejudiced by the amendment.

Defendants' exceptions are all overruled and the case is remitted to the Superior Court with direction to enter judgment on the verdict.

*Raymond & Semple, Harold R. Semple,* for plaintiff.

*Peter W. McKiernan, John C. Going, Ernest L. Shein,* for defendants.